SCHOTT, Judge.
Plaintiff-lessor has appealed from a dismissal of its rule for the possession of the *516 premises occupied by defendant pursuant to a written lease between the parties. Plaintiff sought to evict defendant for non-payment of the rent for the month commencing on July 1, 1978.
The lease provides for payment of the rent at the Forest Isles Apartment, office promptly in advance. Defendant’s agent testified that he went .to the office in an attempt to pay the rent but those authorized to receive it were not present. It was established that because of difficulties in the past defendant’s checks would not be accepted by plaintiff for its rent. Defendant testified that plaintiff would accept nothing except cash for its rent. Plaintiff’s agent testified that she never left the office between 9 and 6 on July 1 and that they would accept cashier’s check or money order from defendant.
At the conclusion of the trial the judge stated:
“This is a rental agreement that involves a substantial amount of money and in presence of conflicting testimony the Court is reluctant to hold the lease has been broken. The Court will hold that the rent was tendered and honor that the rent be paid with cost.”
Since this is essentially a credibility call, we are not in a position to substitute our judgment for the trial judge’s. Since plaintiff required that the payment be made in cash at its office not later than the first, and since no one was on hand to receive the rent at that time and place, it follows that plaintiff has no right to evict defendant for nonpayment of rent. The judgment is affirmed.
AFFIRMED.